UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

HOSSEIN and FARIDEH GHARAI,                  No. 09-10991

                               Debtor(s).
_____/

TIMOTHY HOFFMAN, Trustee,

                               Plaintiff(s),

                       v.                              A.P. No. 09-1178

LA DOLCE VITA WINE LOUNGE, INC., et al.,

                               Defendant(s).
_____/

Memorandum on Motion for Entry of Judgment
_____

       The complaint in this matter, brought by the Chapter 7 trustee, Timothy Hoffman, stated three claims: that debtors Hossein and Farideh Gharai fraudulently transferred funds to defendants La Dolce Vita Wine Lounge, Inc., and Sahar Gharia, the debtors' daughter; that defendants were in possession of $277,000.00 belonging to the bankruptcy estate; and that defendants were indebted to the debtors in that sum for money lent. Hoffman's counsel called Sahar, the CEO of the corporation, to the stand.

1

1  She freely admitted that the corporation owed $273,400.00 to the debtors on a promissory note.
2  Hoffman then rested, abandoning all but the third claim and abandoning all claims against Sahar
3  personally.

4  There followed a bizarre colloquy between the court and defendants' counsel. The latter did
5  not seem to understand that plaintiff was abandoning all claims except the claim against the
6  corporation on the note, which was freely conceded by his clients. He also seemed to take the position
7  that because the fraudulent transfer claim was not proven the court could not enter judgment on the
8  note, which appeared to the court to be nonsense.[1] Counsel then asked the court for a recess, which the
9  court gratefully granted.

10  After the recess, the parties announced a settlement and stated its terms on the record.
11  Defendants would pay $17,000.00, of which $10,000.00 would be immediately paid and the rest within
12  six months. The parties also agreed to "mutual releases, with 1542 waiver," to defendants as well as
13  the debtors and Sahar's sister.

14  The agreement was improvident from Hoffman's standpoint. The term "1542" referred to
15  California Civil Code § 1542, which provides that a release does not extend to other claims which the
16  creditor does no know about; waiver of this provision results in release of all claims, known and
17  unknown. Hoffman's counsel appears not to have known this, although it is common knowledge
18  among California lawyers. Hoffman is now horrified to learn that the result of the settlement was to
19  waive unrelated claims, including claims arising out of the debtors' dishonesty. Instead of proceeding
20  with the settlement, Hoffman wants the court to just enter judgment against the corporation on the
21  note. Defendants want the court to enforce the settlement.

22  The settlement was never noticed to creditors as required by Rule 2002(a)(3) of the Federal

---

[1] Counsel argued that "the complaint does not say anything about breach of contract" despite a clear allegation in the complaint that "Within the past four years, defendants and each of them have become indebted to Plaintiff, as statutory successor to the debtors Hossein Gharai and Farideh Gharai, for money lent in the amount of $277,000, plus interest thereon at the rate of five percent (5%) per annum."

Rules of Bankruptcy Procedure, and the court has not approved it as required by Rule 9019(a). It is therefore unenforceable. *American Prairie Construction Co. v. Hoich,* 594 F.3d 1015, 1025 (8th Cir. 2010)["Quite simply, a settlement . . . is not effective under Fed. R. Bank. P. 9019 absent bankruptcy court approval."]. Moreover, the court would never approve a settlement which absolved a debtor from the consequences of undisclosed dishonesty. The only issue before the court is whether it should enter judgment on the note.

The court is at a complete loss as to why judgment should not be entered on the note. Contrary to counsel's assertions, the complaint states a claim on the note. Defendants admit that the corporation is liable on the note. There is no reason the court can see for delay or retrial.

The court will give defendants 15 days from the date of this Memorandum to file an offer of proof as to what they would show if permitted to put on a further case. If they fail to do so, or if the court finds no merit in the offer of proof, judgment will be entered against the corporation only in the amount of $273,400.00, plus interest at the rate of 5%. The balance of the complaint will be dismissed with prejudice. Hoffman will recover his costs of suit.

Counsel for Hoffman shall submit a form of order denying defendants' motion to enforce the settlement or amend their answer to raise the settlement as a defense.

Dated: December 14, 2010

Alan Jaroslovsky
U.S. Bankruptcy Judge